**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        v.<br><br>CHARLES MOZINGO,<br><br>        Defendant. | Crim. Action No. 24-467 (EGS) |

**MEMORANDUM OPINION AND ORDER**

During the past four years, the violent assault on the
peaceful transfer of power that occurred at the United States
Capitol on January 6, 2021 has been repeatedly proven in
courtrooms with all the safeguards guaranteed by the United
States Constitution and criminal justice system. *See, e.g.*
*United States v. DeCarlo & Ochs*, Crim. Action No. 21-0073 (BAH),
2025 WL 266308, at *3 (D.D.C. Jan. 22, 2025). On that day, a
crowd of rioters "forced entry into the Capitol . . . including
by breaking windows and by assaulting members of law
enforcement" to disrupt the certification of the 2020 election.
Statement of Offense, ECF No. 25 ¶ 6. Defendant Charles Mozingo
("Mr. Mozingo") admitted his participation in these events and
pleaded guilty to two criminal offenses. *See generally* Plea

1

Agreement, ECF No. 24 at 1.[1] Nevertheless, the government now seeks to dismiss the charges against him pursuant to Federal Rule of Criminal Procedure 48(a) based only on a presidential Proclamation deeming the prosecutions of and convictions for offenses committed on that day to be a "grave national injustice." *See* Mot. to Dismiss, ECF No. 27; Unnumbered Proclamation, -- Fed. Reg. ---- (Jan. 20, 2025), https://perma.cc/W4NT-4K4S ("Proclamation"). The government does not assert that these violent acts did not occur or that they were somehow lawful. *See generally*, Mot. to Dismiss, ECF No. 27. However, because the Court has a limited role in reviewing a Rule 48(a) motion to dismiss, the Court must grant it. For the reasons explained below, the government's motion is **GRANTED IN PART AND DENIED IN PART**, and the charges are dismissed without prejudice.

## I.   Background

On January 6, 2021, "both Houses of Congress convened in a joint session to certify the votes in the 2020 Presidential election. While they did so, a crowd of supporters of then-President Donald Trump gathered outside the Capitol." *Fischer v. United States*, 603 U.S. 480, 484 (2024). As set forth in Mr.

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF header page number, not the page number of the filed document.

Mozingo's Statement of Offense, "shortly after 2:00 PM,

individuals in the crowd forced entry into the Capitol,

including by breaking windows and by assaulting members of law

enforcement, as others in the crowd encouraged and assisted

those acts. The riot resulted in substantial damage to the

Capitol, requiring the expenditure of more than $2.9 million

dollars for repairs." Statement of Offense, ECF No. 25 ¶ 6.

"This breach of the Capitol caused Members of Congress to

evacuate the Chambers and delayed the certification process."

*Fischer*, 603 U.S. at 484.

Shortly after the riot, the Department of Justice began

investigating and prosecuting those responsible for the attack.

As of January 4, 2024, "[m]ore than 1,265 defendants ha[d] been

charged in nearly all 50 states" for their conduct that day. *See*

Three Years Since the Jan. 6 Attack on the Capitol, United

States Atty's Office, District of Columbia,

https://www.justice.gov/usao-dc/36-months-jan-6-attack-capitol-0

(updated Jan. 5, 2024).[2] "Approximately 718 individuals have

pleaded guilty to a variety of federal charges"; "139

---

[2] These numbers are based on reports from January 2024 and do not
reflect updates that occurred through January 2025. The
Department of Justice webpage was accessed on January 24, 2025,
but removed later that day. The webpage is available on the
Archive of the Internet.
https://web.archive.org/web/20250124040114/https://www.justice.g
ov/usao-dc/36-months-jan-6-attack-capitol-0; *see also* Attachment
A.

individuals have been found guilty at contested trials"; and

"[a]pproximately 749 federal defendants have had their cases

adjudicated and received sentences for their criminal activity

on Jan. 6" with "467 . . . sentenced to periods of

incarceration." *Id.*[3]

On October 29, 2024, Mr. Mozingo pleaded guilty under oath

to Disorderly and Disruptive Conduct in a Capitol Building or

Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count One)

and Parading, Demonstrating, or Picketing in a Capitol Building,

in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Two). *See* Plea

Agreement, ECF No. 24 at 1. Mr. Mozingo affirmed that he "read

every page of [the Plea Agreement]," "discussed it with [his]

attorney," "fully underst[ood] [the Plea Agreement]," and agreed

to it "without reservation . . . . voluntarily and of [his] own

free will, intending to be legally bound." *Id.* at 9. In pleading

guilty, Mr. Mozingo admitted that on January 6, 2021, he

"entered the [United States] Capitol Building" despite knowing

"he did not have lawful authority to be there." Statement of

Offense, ECF No. 25 ¶ 9. Mr. Mozingo admitted that while in the

---

[3] *See also* Capitol Breach Cases, United States Attorney's Office, District of Columbia, https://www.justice.gov/usao-dc/capitol-breach-cases (last visited Jan. 24, 2025), but no longer available. The webpage is available on the Archive of the Internet. https://web.archive.org/web/20250124190904/https://www.justice.gov/usao-dc/capitol-breach-cases

Capitol Building, he "knowingly and willfully engaged in disorderly and disruptive behavior, with the intent to disrupt the Joint Session of Congress that was occurring that day." *Id.* ¶ 10. The Court accepted his guilty plea following a colloquy to ensure that Mr. Mozingo fully understood the provisions of the Plea Agreement and that he was in fact guilty of the offenses as stated in the Statement of Offense. *See* Minute Entry (Oct. 29, 2024).

On November 5, 2024, Donald Trump was re-elected President of the United States. Within hours of being sworn in on January 20, 2025, he issued a Proclamation entitled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021." Proclamation. It purported to "end[] a grave national injustice that has been perpetrated upon the American people . . . and begin[] a process of national reconciliation." *Id.* Except for fourteen individuals who received commutations of their sentences, the Proclamation granted a "full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." *Id.* Relevant here, it "direct[ed] the Attorney General to pursue dismissal with prejudice to the government of all pending indictments against

5

individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." *Id.*

The next day, January 21, 2025, the government filed the motion to dismiss that is pending before the Court. Mot. to Dismiss, ECF No. 27. Mr. Mozingo does not oppose dismissal. Notice, ECF No. 28.

## II.  Analysis

Rule 48(a) provides that the "government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Although "the Government retains 'broad discretion' as to whom to prosecute," *Wayte v. United States*, 470 U.S. 598, 607 (1985); the "leave of court" requirement "obviously vest[s] some discretion in the court," *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Ammidown*, 497 F.2d 615, 620-21 (D.C. Cir. 1973) (recognizing Rule 48(a) "gives the court a role in dismissals following indictment"). The discretion given to the court serves, among other things, to "guard[] against abuse of prosecutorial discretion." *Ammidown*, 497 F.2d at 620. "To ensure that the government's request for dismissal of criminal charges 'sufficiently protects the public,' the government may be required to submit 'a statement of reasons and underlying factual basis,' which must be 'substantial' to justify the

dismissal and not 'a mere conclusory statement.'" *DeCarlo &
Ochs*, 2025 WL 266308, at \*2 (quoting *Ammidown*, 497 F.2d at 620).

Here, the government has provided neither a statement of
reasons nor an underlying factual basis to justify dismissal.
Rather, the government cites the "Executive Order [sic] dated
January 20, 2025 . . . as the reason for the dismissal." Mot. to
Dismiss, ECF No. 27 at 1. As stated above, the Proclamation
purports to "end[] a grave national injustice" and "direct[s]
the Attorney General to pursue dismissal with prejudice to the
government of all pending indictments against individuals for
their conduct related to the events at or near the United States
Capitol on January 6, 2021." Proclamation.

The assertion that there has been a "grave national
injustice" has no basis in fact. There was no "grave national
injustice" in the prosecutions and convictions of individuals
for their conduct on January 6. Rather, as Judge Friedman
explained when ruling on a similar motion to dismiss in another
January 6 case:

> In each of the [January 6] cases, law
> enforcement diligently investigated the
> facts. The prosecutors from the Department of
> Justice and the United States Attorney's
> Office conscientiously presented the evidence
> to support the convictions – including
> powerful testimony from law enforcement
> officers and other witnesses, as well as
> hundreds of hours of shocking videos of
> assaults on the Capitol and those trying to
> protect it. In each case, either a judge or

> jury evaluated the evidence presented through the crucible of direct and cross-examination. Judges methodically applied the law to the facts or instructed juries to do so. The voluminous records created in these cases and the thoughtfully considered sentences imposed by judges is this Court will forever reflect that in the tumultuous time following the events of January 6, 2021, this Court was at all times a place of law and fact.

*United States v. Warnagiris*, Crim. Action No. 21-0382 (PLF), 2025 WL 341990, at *5 (D.D.C. Jan. 30, 2025) (citing Sentences Imposed in Cases Arising Out of the Events of January 6, 2021 (Appendix A)); *see also DeCarlo & Ochs*, 2025 WL 266308, at *3. And in this case, Mr. Mozingo pled guilty to the two charges. *See generally* Plea Agreement, ECF No. 25; Minute Entry (Oct. 29, 2024).

This Court therefore joins others in fundamentally disagreeing with the justification provided for dismissal. *See, e.g., Warnagiris*, 2025 WL 341990, at *5; *DeCarlo & Ochs*, 2025 WL 266308, at *3. However, the "'leave of court' authority gives no power to a district court to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). Furthermore, "trial judges are not free to withhold approval . . . merely because their conception of the public interest differs from that of the prosecuting attorney." *Ammidown*, 497 F.2d at

622. The Court therefore must dismiss the charges against Mr.
Mozingo.

The Court's conclusion that dismissal is required does not
mean, however, that the charges must be dismissed with
prejudice. Dismissal with prejudice is a "final judgment on the
merits" that would bar any future prosecution of Mr. Mozingo for
his admitted unlawful conduct. *See, e.g.*, *Brown v. Amtrak Corp.*,
No. 03-7003, 2023 WL 22433755, at *1 (D.C. Cir. Oct. 27, 2023).
Supreme Court Justices have remarked how "dismissal with
prejudice of criminal charges is a remedy rarely seen in
criminal law, even for constitutional violations." *Reed v.
Farley*, 512 U.S. 339, 368 (1994) (Blackmun, J., dissenting); *see
also United States v. Bittle*, 699 F.2d 1201, 1204 (discussing
Speedy Trial Act dismissal with or without prejudice). Dismissal
with prejudice is clearly inappropriate here since Mr. Mozingo
admitted to his illegal actions on January 6, 2021, under oath
and with the advice of counsel. *See generally* Plea Agreement,
ECF No. 25; Minute Entry (Oct. 29, 2024). The Court therefore
concludes that the charges will be dismissed without prejudice.

Dismissal of the charges does not render Mr. Mozingo
innocent. Nor does dismissal erase the well-documented attempt
by certain individuals to overturn our democratic process on
January 6, 2021. The record of proceedings of the prosecutions
of those who sought to prevent the peaceful transfer of power

are available in the records of this courthouse for those who seek the truth. As Judge Chutkan eloquently put it, "[t]he historical record established by those proceedings must stand, unmoved by political winds, as a testament and as a warning." *United States v. Banuelos*, Crim. Action No. 24-135, 2025 WL 294158, at *1 (D.D.C. Jan. 22, 2025).

### III. Conclusion and Order

For the reasons set forth above, it is hereby

**ORDERED** that the government's Motion to Dismiss, ECF No. 27, is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that the Information, ECF No. 17, is dismissed without prejudice; and it is further

**ORDERED** that all scheduled proceedings and deadlines in this case are **VACATED**; and it is further

**ORDERED** that the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **February 10, 2025**

The Wayback Machine - https://web.archive.org/web/20241224190625/https://www.justice.gov/usao-dc/36-months-jan-6-attack-capitol-0



# Three Years Since the Jan. 6 Attack on the Capitol

Saturday, January 6, 2024, marks three years – or 36 months – since the attack on the U.S. Capitol that disrupted a joint session of the U.S. Congress in the process of affirming the presidential election results. The government continues to investigate losses that resulted from the breach of the Capitol, including damage to the Capitol building and grounds, both inside and outside the building. As of October 14, 2022, the approximate losses suffered as a result of the siege at the Capitol totaled $2,881,360.20. That amount reflects, among other things, damage to the Capitol building and grounds and certain costs borne by the U.S. Capitol Police.

Under the continued leadership of the U.S. Attorney's Office for the District of Columbia and the FBI's Washington Field Office, the investigation and prosecution of those responsible for the attack continues to move forward at an unprecedented speed and scale. The Department of Justice's resolve to hold accountable those who committed crimes on January 6, 2021, has not, and will not, wane.

Based on the public court documents, below is a snapshot of the investigation as of the close of business January 4, 2024. Complete versions of most of the public court documents used to compile these statistics are available on the Capitol Breach Investigation Resource Page at https://www.justice.gov/usao-dc/capitol-breach-cases.

**Arrests made:** More than **1,265** defendants have been charged in nearly all **50** states and the District of Columbia. (This includes those charged in both District and Superior Court).

**Criminal charges:**

- Approximately **452** defendants have been charged with assaulting, resisting, or impeding officers or employees, including approximately **123** individuals who have been charged with using a deadly or dangerous weapon or causing serious bodily injury to an officer.

  - Approximately **140** police officers were assaulted on Jan. 6 at the Capitol, including about **80** from the U.S. Capitol Police and about **60** from the Metropolitan Police Department.

- Approximately **11** individuals have been arrested on a series of charges that relate to assaulting a member of the media, or destroying their equipment, on Jan. 6.

- Approximately **1,186** defendants have been charged with entering or remaining in a restricted federal building or grounds. Of those, **116** defendants have been charged with entering a restricted area with a dangerous or deadly weapon.

- Approximately **71** defendants have been charged with destruction of government property, and approximately **56** defendants have been charged with theft of government property.

- More than **332** defendants have been charged with corruptly obstructing, influencing, or impeding an official proceeding, or attempting to do so.

- Approximately **57** defendants have been charged with conspiracy, either: (a) conspiracy to obstruct a congressional proceeding, (b) conspiracy to obstruct law enforcement during a civil disorder, (c) conspiracy to injure an officer, or (d) some combination of the three.

**Pleas:**

- Approximately **718** individuals have pleaded guilty to a variety of federal charges, many of whom faced or will face incarceration at sentencing.

  - Approximately **213** have pleaded guilty to felonies. Another **505** have pleaded guilty to misdemeanors.

  - A total of **89** of those who have pleaded guilty to felonies have pleaded to federal charges of assaulting law enforcement officers. Approximately **41** additional defendants have pleaded guilty to feloniously obstructing, impeding, or interfering with a law enforcement officer during a civil disorder. Of these **130** defendants, **116** have now been sentenced to prison terms of up to **151** months.

  - **Four** of those who have pleaded guilty to felonies have pleaded guilty to the federal charge of seditious conspiracy.

**Trials:**

- **139** individuals have been found guilty at contested trials, including 3 who were found guilty in the Superior Court of the District of Columbia. Another **32** individuals have been convicted following an agreed-upon set of facts. **76** of these **171** defendants were found guilty of assaulting, resisting, or impeding officers and/or obstructing officers during a civil disorder, which are felony offenses, including one who has been sentenced to more than 14 years in prison.

**Sentencings:**

- Approximately **749** federal defendants have had their cases adjudicated and received sentences for their criminal activity on Jan. 6. Approximately **467** have been sentenced to periods of incarceration. Approximately **154** defendants have been sentenced to a period of home detention, including approximately **28** who also were sentenced to a period of incarceration.

**Public Assistance**:

- Citizens from around the country have provided invaluable assistance in identifying individuals in connection with the Jan. 6 attack. The FBI continues to seek the public's help in identifying individuals believed to have committed violent acts on Capitol grounds. Those photos can be found at fbi.gov/capitolviolence

- Additionally, the FBI currently has 11 videos of suspects wanted for violent assaults on federal officers, including (ONE) video of (TWO) suspects wanted for assaults on members of the media on January 6th and is seeking the public's help to identify them.

- Some of the violent offenders about whom the FBI is seeking public tips to identify or locate include Evan Neumann, Jonathan Daniel Pollock, Olivia Michele Pollock, Joseph Daniel Hutchinson III, Adam Villarreal, Paul Belosic, and AFOs #91, #292, #371, and #383. AFO #91 uses what appears to be a stick to strike multiple officers numerous times while in the doorway of the Lower West Terrace, commonly referred to as the tunnel. AFOs #292, #371, and #383 are all shown on video charging at and assaulting officers, and they appear to grab and attempt to take possession of the officers' batons.

- For images and video of the attackers, please visit https://www.fbi.gov/wanted/capitol-violence. Anyone with tips can call 1-800-CALL-FBI (800-225-5324) or visit tips.fbi.gov.

**Earlier Statistical Updates:**

- Six-Month Update

https://www.justice.gov/usao-dc/six-months-january-6th-attack-capitol

- 12-Month Update

https://www.justice.gov/usao-dc/one-year-jan-6-attack-capitol

- 18-Month Update

https://www.justice.gov/usao-dc/18-month-jan-6-attack-capitol

- 24-Month Update

https://www.justice.gov/usao-dc/24-months-january-6-attack-capitol

- 30-Month Update

https://www.justice.gov/usao-dc/30-months-jan-6-attack-capitol

*Updated January 5, 2024*

---

 **District of Columbia**

Main Office:

601 D Street, NW

Washington, DC

Email USAO-DC

Telephone: (202) 252-7566